UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>KIP HAWLEY, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:07CV00855-HHK<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Without addressing – let alone distinguishing – the authorities Defendants cited that compel dismissal of this action, Plaintiffs urge this Court to permit their legally deficient claims to proceed. Not one of the arguments advanced in Plaintiffs' Opposition to Defendant's Motion to Dismiss, however, provides a valid ground for doing so. Indeed, some of Plaintiffs' arguments demonstrate precisely why their claims under the Privacy Act and the Aviation and Transportation Security Act ("ATSA") should be dismissed for lack of jurisdiction. Moreover, neither statute imposes strict liability on the government for failing to prevent the loss of an external hard drive containing personnel data. Because that is the legal theory on which this action is predicated, Plaintiffs cannot state a claim on which relief can be granted even if this Court had jurisdiction. Thus, this action should be dismissed.

# ARGUMENT

## I. PLAINTIFFS HAVE NOT DEMONSTRATED THAT CONGRESS CONFERRED A RIGHT OF ACTION ON THEM TO ENFORCE SECTION 114(f) OF ATSA.

Plaintiffs do not dispute the legal standard set forth in Defendant's Motion to Dismiss for determining whether a statute confers an implied right of action. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls. Opp.") at 4. Rather, Plaintiffs urge its misapplication. *See id.* (contending that "the Court should find that the ATSA contains an implied right of action"). It is well established that "implied rights of action are disfavored and will not be found in the absence of clear evidence of legislative intent." *Smith v. Reagan*, 844 F.2d 195, 201 (4th Cir. 1988); *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001); *see also Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996) (noting "the Supreme Court's unwillingness to presume the existence of a private right of action where none is explicitly articulated by Congress"). Plaintiffs have identified nothing in the ATSA that indicates congressional intent to confer a private right of action to enforce Section 114. Instead, Plaintiffs suggest that inferring such a right is consistent with ATSA's purposes. *See* Pls. Opp. at 4 (contending that "implying a private right of action to enforce a security regime is consistent with the underlying purposes of enacting the ATSA"). Without congressional intent, however, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or *how compatible with the statute*." *Alexander*, 532 U.S. at 286-87 (emphasis added); *see* Defendants' Motion to Dismiss ("Def. Mot.") at 7-8 (discussing the absence of rights-creating language and remedies in Section 114). Thus, the consistency Plaintiffs identify is beside the point.

Plaintiffs only other argument in support of implying a right of action under ATSA – that they are "within the zone of interests created by the ATSA" -- is entirely misguided. Pls. Opp. at 4. The "zone of interest" test is the standard for determining whether a plaintiff has standing under the Administrative Procedure Act ("APA").[1] *See Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 400 n.16 (1987) ("The principal cases in which the 'zone of interest' test has been applied are those involving claims under the APA, and the test is most usefully understood as a gloss on the meaning of [that statute's] § 702."). That test has no applicability where the issue before the Court is whether a right of action exists under a statute. *See id.* at 400-01 (distinguishing between "'zone of interest' decisions" and "cases in which a private right of action under a statute is asserted" and noting that in the latter, "the Court [] requir[es] more from the would-be plaintiffs . . . than a showing that their interests were arguably within the zone protected"). Since Plaintiffs cannot satisfy the standard applicable here, their ATSA claim should be dismissed.

---

[1] This action does not even include a claim under the APA. *See* Pls. Opp. at 4 (inexplicably contending that "[t]herefore, the Plaintiffs[] are entitled to review pursuant to the Administrative Procedure Act"). But even if it did, courts have rejected the argument that the personnel matters of Transportation Security Administration ("TSA") security screeners are within ATSA's zone of interests. *See, e.g., American Fed'n of Government Employees v. Hawley*, 481 F. Supp. 2d 72, 95 (D.D.C. 2006) (noting that § 110(c)(1), whose purpose like § 114 is to "ensure that a sufficient airport security apparatus was put in place," "was meant to protect the interests of the traveling public, and not the employment of the screeners" (citation omitted)); *Springs v. Stone*, 362 F. Supp. 2d 686, 705 (E.D. Va. 2005) ("The ATSA was not promulgated in order to protect the employment interests of federal screeners, but instead to address[] national security and passenger safety"); *see also Coalition of Airline Pilots v. Federal Aviation Admin.*, 370 F.3d 1184, 1186 (D.C. Cir. 2004) (noting that Congress enacted ATSA "to improve security in the nation's transportation system").

## II.   THIS COURT SHOULD DISMISS THE CLAIMS OF THE UNION PLAINTIFFS FOR LACK OF STANDING.

Plaintiffs effectively concede that the union Plaintiffs should be dismissed for lack of standing.  As Defendants' Motion to Dismiss explained, the only proper plaintiff under the Privacy Act is an "individual."  *See* Def. Mot. at 10 (explaining that strictly construed, "the Privacy Act's waiver [of sovereign immunity] plainly extends only to actions brought by an 'individual' as defined under the Act"); *see also Committee in Solidarity with People of El Salvador v. Sessions*, 738 F. Supp. 544, 547 (D.D.C. 1990) (holding that "the Privacy Act does not confer standing upon organizations on their own or purporting to sue on behalf of their members").  Plaintiffs never dispute that argument in their Opposition.  Their silence therefore should be deemed a concession.  *See, e.g., Chang v. United States*, __ F. Supp. 2d. __, 2007 WL 2007335, at *5 n.4 (D.D.C., July 10, 2007) ("treat[ing] plaintiffs' silence as a concession"); *Qutb v. Ramsey*, 285 F. Supp. 2d 33, 37 n.3 (D.D.C. 2003) (concluding that plaintiff conceded argument to which it failed to respond).

Alternatively, dismissal of the union Plaintiffs is warranted for lack of associational standing.  *See* Def. Mot. at 11-13.  Here again, Plaintiffs do not dispute the applicable legal standard set forth in Defendants' Motion to Dismiss but urge its misapplication.  *Compare* Pls. Opp. at 13 *with* Def. Mot. at 11.  That standard requires that "neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 552-53 (1996).  Plaintiffs' Privacy Act claim fails on both counts.  *See Schmidt v. United States Dep't of*

4

*Veterans Affairs*, 218 F.R.D. 619, 637 (E.D. Wis. 2003) (concluding that "whether the VA actually disclosed the records of individual . . . [in] violation of Section 552a(b)" and "whether . . . the individual . . . suffered an adverse effect as a result of the VA's failure to comply with either Section 552a(b) or (e)(10)" were "individual questions of fact"); *see also Lyon v. United States*, 94 F.R.D. 69, 76 (W.D. Okla. 1982) (noting that "[i]ndividual considerations would have to be given to each [plaintiff] with respect to the requirements of [a Privacy Act violation]"). That failure requires dismissal of the union Plaintiffs for lack of associational standing. *See American Chem. Council v. Department of Transp.*, 468 F.3d 810, 815 (D.C. Cir. 2006) (concluding that failure to satisfy one element of associational standing made it unnecessary for court to address other elements).

Plaintiffs actually concede that "the unique facts of the individual members may have to be considered for a portion of the relief requested" but nevertheless contend that the union Plaintiffs satisfy the requirements for associational standing. Pls. Opp. at 15. In an effort to reconcile that contention with the standard for associational standing, Plaintiffs suggest that the Supreme Court has found associational standing "even when unique facts of a member's situation will have to be considered." Pls. Opp. at 14-15 (citing *UAW v. Brock*, 477 U.S. 274 (1986)).[2] That suggestion, however, misconstrues that decision. The Supreme Court held that the participation of the union members was not required because "[n]either the[] claims nor the

---

[2] Plaintiffs also cite two Sixth Circuit cases, which, of course, are not binding on this Court, and, in any event, do not support Plaintiffs' argument. *See* Pls. Opp. at 15 (citing *Cleveland Branch v. City of Parma, Ohio*, 263 F.3d 513 (6th Cir. 2001) and *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361 (6th Cir. 1998)). In the former case, the parties did not dispute whether the claim or relief required the participation of individual members. In the latter case, the union challenged the constitutionality of a policy applicable to its members, a claim that did not, as here, involve individualized questions of fact.

relief sought required the District Court to consider the individual circumstances of any aggrieved UAW member. The suit raises a pure question of law: whether the Secretary properly interpreted the Trade Act's TRA eligibility provisions." *Id.* at 287. Since that is not the situation here, Plaintiffs' reliance on that case is misplaced. The individualized nature of both the liability and damages determination under the Privacy Act is therefore fatal to Plaintiffs' claim of associational standing. Accordingly, the union Plaintiffs should be dismissed.

## III.   THE INDIVIDUAL PLAINTIFFS SHOULD BE DISMISSED FOR LACK OF STANDING.[3]

Plaintiffs disavow that the speculative and third-party injuries alleged in their Complaint are the basis for their standing. *Compare* Compl. ¶¶ 41-43 (alleging concern and mental distress "due to the possibility of security breach at airports" and identity theft) *with* Pls. Opp. at 9-10 (contending that "Plaintiffs' injury-in-fact is the Defendants' earlier failure to protect employee privacy when it neglected to safeguard the information systems it maintained"). Instead, Plaintiffs claim standing based on the alleged invasion of their privacy rights by virtue of the loss of the external hard drive containing personnel data. *See* Pls. Opp. at 10 ("The privacy rights of the individually named Plaintiffs were invaded when the external hard drive including Personnel Data of transportation security screeners was lost from a secure area of the Defendants' headquarters office. Complaint ¶ 38."). That basis, however, is insufficient as a matter of law. Only a plaintiff who has suffered an adverse effect from the government's violation of the

---

[3] Plaintiffs' Opposition discusses all three elements of standing: injury-in-fact, causation, and redressability. *See* Pls. Opp. at 8-13. Since Plaintiffs still have not demonstrated injury-in-fact, there is no need – indeed, it is not possible – to address the other two elements. *Schlesinger v. Reservists Comm. to Stop War*, 418 U.S. 208, 227 n.16 (1974) ("[u]ntil a judicially cognizable injury is shown no other inquiry is relevant to consideration of [] standing").

Privacy Act has "injury enough to open the courthouse door." *Doe v. Chao*, 540 U.S. 614, 624-25 (2004). The reference in Section 552a(g)(1)(D) of the Privacy Act – pursuant to which this action is brought (*see* Pls. Opp. at 11) – "to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Doe v. Chao*, 540 U.S. at 624; *see also Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 126 (1995) (noting that the "phrase 'person adversely affected or aggrieved' is a term of art used in many statutes to designate those who have standing"). Since the only adverse effects Plaintiffs allege are speculative or dependent on the criminal actions of third parties (*see* Compl. ¶¶ 34, 41-43), Plaintiffs lack standing and accordingly their Privacy Act claim should be dismissed. *See* Def. Mot. at 13-15 (demonstrating that Plaintiffs' allegations of harm are not cognizable because they are too speculative or are dependent upon the criminal actions of third parties – neither of which is sufficient to confer standing).

IV.     **THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' PRIVACY ACT CLAIM BECAUSE THAT CLAIM IS UNRIPE.**

Plaintiffs contend that the loss of the hard drive itself is sufficient to make this action "fit for adjudication." Pls. Opp. at 16. The Privacy Act, however, does not "make the Government strictly liable for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." *Laningham v. United States*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quotations and citation omitted); *see also Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984) (same). Liability is established only if the agency failed to comply with the Act "in such a

way as to have an adverse effect on an individual," 5 U.S.C. § 552a(g)(1)(D), and "acted in a manner which was intentional and willful," 5 U.S.C. § 552a(g)(4). Thus, the mere loss of the hard drive is not enough.

Plaintiffs have no evidence that any of their personal information has been disclosed to any unauthorized person. Indeed, the present record demonstrates that their information *has not been disclosed*. *See* Compl. ¶ 31 ("TSA has no evidence that an unauthorized individual is using your personal information"); Declaration of K. David Holmes ("Holmes Decl.") Att. 1 ("It is unclear at this stage whether the device is still within Headquarters or was stolen."); *id.* ¶ 8 ("As of today, the U.S. Secret Service has determined that there is no link between identity thefts reported by TSA employees and the missing hard drive."); *id.* ¶ 9 ("based on the results of our investigation thus far, TSA has no evidence of any misuse of the data on the hard drive").[4] As long as the location of the hard drive remains unknown and there is no evidence of unauthorized used of its contents, this Court either will have to speculate as to those issues or else decide Plaintiffs' claim on an inadequate record. The ripeness doctrine, however, dictates that this Court do neither and instead dismiss this action as unfit for adjudication. *See Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (by refusing to hear such disagreements, federal courts "enhance judicial economy, and ensure that a record adequate to support an informed decision exists when the case is heard"); *Texas v. United States*, 523 U.S. 296, 300 (1998) (a claim is unripe if "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" (quotations and citation omitted)).

---

[4] Plaintiffs erroneously assert that "TSA itself admits that the hard drive's present location is not within TSA headquarters." Pls. Opp. at 1. TSA has acknowledged that the hard drive's present location is not known. *See* Holmes Decl. Att. 1.

Plaintiffs moreover do not contend that they would suffer hardship from this Court's doing so; they only identify the possible delay of their recovery of remedies, (Pls. Opp. at 17), which by itself is insufficient to demonstrate hardship. *See Arizona Pub. Serv. Co. v. Environmental Protection Agency*, 211 F.3d 1280, 1297 (D.C. Cir. 2000) ("mere delay, absent other extenuating circumstances, in adjudication of a dispute cannot satisfy the hardship prong"). Accordingly, this Court should dismiss this action for lack of ripeness.

V.     **THIS COURT SHOULD DISMISS PLAINTIFFS' PRIVACY ACT CLAIM FOR FAILURE TO STATE A CLAIM.**

Plaintiffs do not actually address any of Defendants' *legal arguments* for why their conclusory allegations are insufficient to withstand dismissal. Instead, Plaintiffs simply repeat those allegations and assert that they "have pled each element of th[e] violation."[5] Pls. Opp. at 17. Even at the pleadings stage, however, Plaintiffs "cannot rely solely on conclusory allegations." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003); *see also Flowers v. Executive*

---

[5] Plaintiffs also attempt to bolster their deficient Complaint with unsubstantiated hearsay from an Associated Press article. *See* Pls. Opp. at 3 (alleging that "[s]ince the filing of the instant complaint, officials from the TSA have represented to Congress that the missing Personnel Data was not protected with encryption or any electronic security technology as required by the Office of management and Budget"). It is "axiomatic," however, that Plaintiffs cannot amend their Complaint through briefs in opposition to a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Commonwealth v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (same); *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) ("plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment" (quotations and citation omitted)); *see also Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."). Moreover, OMB "recommends" but does require agencies to encrypt personally identifiable information. *See* OMB M-06-16 ("recommending [that] all departments and agencies . . . [e]ncrypt all data on mobile computers/devices which carry agency data").

9

*Office of President*, 142 F. Supp. 2d 38, 46 (D.D.C. 2001) ("even under the liberal pleading standards 'sweeping and unwarranted averments of fact' without any underlying factual basis will not be deemed admitted for purposes of a motion to dismiss"). Rather, as this Court has held, a plaintiff must provide a factual basis to support the allegations; otherwise, dismissal is warranted. *See id.* ("conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss" (quotations and citation omitted)).

Here, there is simply no factual basis in the Complaint to infer that Defendants' conduct was intentional or willful, that Plaintiffs were adversely affected, or that Plaintiffs suffered any actual damages. *See* Def. Mot. at 19-21 (demonstrating that Plaintiffs' allegations do not permit an inference of "government conduct 'so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful'"); Def. Mot. at 21-22 (demonstrating that although Plaintiffs "are clearly in a position to specify any adverse effects they allegedly have suffered, [they] rely instead on conclusory allegations"); Def. Mot. at 23-25 (demonstrating that "[e]ven the most favorable reading of Plaintiffs' Complaint makes plain that they are not seeking recovery" for actual damages). Indeed, Plaintiffs admit that they "have not pled current, actual, financial loss," (Pls. Opp. at 12), as courts have construed the "actual damages" requirement for recovery under the Privacy Act. *See, e.g., Hudson v. Reno*, 130 F.3d 1193, 1207 n.11 (6th Cir. 1997) (explaining that because "actual damages" "has no plain meaning or consistent legal interpretation, [] when it is being applied against the government it must be narrowly interpreted – here that requires finding that actual damages only mean out-of-pocket losses, not emotional distress"); *see also, e.g., Schmidt v. United States Dep't of Veterans Affairs*, 222 F.R.D. 592, 594 (E.D. Wis. 2004); *Wiley v. Department of Veterans Affairs*, 176 F. Supp. 2d

747, 757-58 (E.D. Mich. 2001); *DiMura v. Federal Bureau of Investigation*, 823 F. Supp. 45, 48 (D. Mass. 1993). Since actual damages are necessary for any recover under the Privacy Act, that pleading deficiency is reason alone to dismiss this action for failure to state a claim.

  Plaintiffs alternatively suggest that the availability of equitable relief under the Privacy Act "without a showing of actual monetary damages" is an open question. *See* Pls. Opp. at 19. This Circuit, however, has long since decided that equitable relief is unavailable in actions such as this one pursuant to Subsection (g)(1)(D) of the Privacy Act. *See Doe v. Stephens*, 851 F.2d 1457, 1463 (D.C. Cir. 1988) ("The Act's subsection on civil remedies authorizes entry of injunctive relief in only two specific situations" – neither applicable here – and "[i]n so doing . . . precludes other forms of declaratory and injunctive relief . . . ."); *see also Doe v. Chao*, 540 U.S. at 635 (Ginsburg, J., dissenting on other grounds) ("It bears emphasis that the Privacy Act does not authorize injunctive relief when suit is maintained under § 552a(g)(1)(C) or (D)"); *Haase v. Sessions*, 893 F.2d 370, 374 (D.C. Cir. 1990). Plaintiffs therefore cannot circumvent the "actual damages" requirement by claiming that they are primarily seeking equitable relief. Since necessary elements of their Privacy Act claim are absent, that claim should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons and those explained in Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant their motion and dismiss this action.

Dated: July 30, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General,
Civil Division

JEFFREY A. TAYLOR
United States Attorney

JOHN R. TYLER
Senior Trial Counsel
Federal Programs Branch

OF COUNSEL:
AMY ALLEN RUGGERI
Assistant Chief Counsel for Litigation

JANESSA GRADY FLEMING
Senior Counsel

TRANSPORTATION SECURITY
ADMINISTRATION

 s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm 7214
Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, a true and correct copy of the foregoing Reply in Support of Defendants' Motion to Dismiss was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

                                                       s/ Jacqueline Coleman Snead
                                                JACQUELINE COLEMAN SNEAD