UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>KIP HAWLEY, et al )<br><br>Defendants. ) | Case No. 1:07CV00855-HHK |

## ANSWER

Defendants Kip Hawley in his official capacity as Administrator of the Transportation Security Administration, the Transportation Security Administration, Michael Chertoff in his official capacity as Secretary of the Department of Homeland Security, and the Department of Homeland Security, by and through undersigned counsel, hereby Answer the Complaint in the above-captioned action.

## CLASS ACTION COMPLAINT

The unnumbered introductory paragraphs of the Complaint set forth Plaintiffs' characterizations of their lawsuit and prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, the allegations are DENIED.

## JURISDICTION

1. The allegations in Paragraph 1 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 1 are DENIED.

## VENUE

2. The allegation in Paragraph 2 is a conclusion of law to which no response is required.

## PARTIES

3. The allegations in Paragraph 3 relate to a party dismissed from this action by Order of March 31, 2008, and thus no response is required.

4. The allegations in Paragraph 4 relate to a party dismissed from this action by Order of March 31, 2008, and thus no response is required.

5. The allegations in Paragraph 5 relate to a party dismissed from this action by Order of March 31, 2008, and thus no response is required.

6. The allegations in Paragraph 6 relate to a party dismissed from this action by Order of March 31, 2008, and thus no response is required.

7. Defendants are without sufficient information or knowledge to admit or deny the allegation in the first sentence of Paragraph 7. Defendants ADMIT the remaining allegations in Paragraph 7.

8. Defendants are without sufficient information or knowledge to admit or deny the allegation in the first sentence of Paragraph 8. Defendants ADMIT the remaining allegations in Paragraph 8.

9. Defendants are without sufficient information or knowledge to admit or deny the allegation in the first sentence of Paragraph 9. Defendants ADMIT the remaining allegations in Paragraph 9.

10. Defendants are without sufficient information or knowledge to admit or deny the allegation in the first sentence of Paragraph 10. Defendants ADMIT the remaining allegations in

Paragraph 10.

11. Defendants DENY the allegations in Paragraph 11 except Defendants ADMIT that Kip Hawley is the Administrator of the Transportation Security Administration ("TSA") and is being sued in his official capacity.

12. Defendants DENY the allegations in Paragraph 12 except Defendants ADMIT that Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS") and is being sued in his official capacity.

13. Defendants ADMIT the allegations in Paragraph 13.

14. Defendants ADMIT the allegations in Paragraph 14.

## CLASS ALLEGATIONS

15. The allegations in Paragraph 15 are Plaintiffs' characterization of their lawsuit and a conclusion of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 15 are DENIED.

16. The allegations in Paragraph 16 are Plaintiffs' characterization of the proposed class to which no response is required; to the extent a response is deemed necessary, Defendants DENY the allegations in Paragraph 16 except Defendants ADMIT that the number of past and present TSA employees whose information was contained on the hard-drive that was discovered missing is approximately 100,000.

17. The allegations in Paragraph 17 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 17 are DENIED.

18. The allegations in Paragraph 18 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 18 are DENIED.

19. The allegations in Paragraph 19 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 19 are DENIED.  Defendants further aver that the allegation in Paragraph 19a relates to a claim dismissed by Order of March 31, 2008, and thus no response is required.

20. The allegations in Paragraph 20 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 20 are DENIED.

21. The allegations in Paragraph 21 are conclusions of law to which no response is required; to the extent a response is deemed necessary, Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 21.

22. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 23 are DENIED.

**STATEMENT OF FACTS**

24. The allegations in Paragraph 24 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

25. The allegations in Paragraph 25 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

26. The allegations in Paragraph 26 contain Plaintiffs' characterization of the Privacy Act, 5 U.S.C. § 552a(e)(1), which speaks for itself, and thus no response is required. Defendants respectfully refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

27. Defendants ADMIT the allegations in Paragraph 27.

28. Defendants ADMIT the allegations in Paragraph 28.

29. Defendants ADMIT the allegations in Paragraph 29.

30. Defendants ADMIT the allegations in Paragraph 30. Defendants affirmatively aver that they possess the Personnel Data contained on the missing hard-drive in another location.

31. Defendants ADMIT the allegations in Paragraph 31.

32. The allegations in Paragraph 32 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

33. The allegations in Paragraph 33 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

34. The allegations in Paragraph 34 are hypothetical future events, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 34 are DENIED.

35. Defendants DENY the allegations in Paragraph 35. Defendants affirmatively aver that the Office of Inspector General, Department of Homeland Security report entitled *Improved Security Required for Transportation Security Administration Networks*, OIG-05-31 (Aug. 2005)

reported exclusively on *network security*, which is not at issue in this lawsuit.

36. The allegations in Paragraph 36 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 36 are DENIED.

37. Defendants DENY the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 38 are DENIED.

39. Defendants ADMIT the allegations in Paragraph 39 except Defendants DENY that they disclosed Plaintiffs' Personnel Data.

40. Defendants DENY the allegations in Paragraph 40 except Defendants ADMIT that TSA employs suitability standards for its employees and has terminated employees for lack of financial suitability.

41. Defendants DENY the allegations in Paragraph 41.

42. Defendants DENY the allegations in Paragraph 42.

43. Defendants DENY the allegations in Paragraph 43.  Defendants affirmatively aver that, after the hard-drive containing Personnel Data was discovered missing, TSA offered employees identity theft protection and credit monitoring for one year free of charge and recently extended that offer for a second year.

## COUNT I

44. Defendants re-allege and incorporate by reference the responses contained in Paragraphs 1-43 above.

45. The allegations in Paragraph 45 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

46. The allegations in Paragraph 46 relate to a claim dismissed from this action by Order of March 31, 2008, and thus no response is required.

## COUNT II

47. Defendants re-allege and incorporate by reference the responses contained in Paragraphs 1-43 above.

48. The allegations in Paragraph 48 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 48 are DENIED.

49. The allegations in Paragraph 49 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 49 are DENIED.

50. The allegations in Paragraph 50 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 50 are DENIED.

51. Defendants DENY that allegations in Paragraph 51 except Defendants ADMIT that TSA has no administrative process to adjudicate employees' claims under the Privacy Act.

52. The allegations in Paragraph 52 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 52 are DENIED.

53. The allegations in Paragraph 53 are conclusions of law to which no response is required; to the extent a response is deemed necessary, the allegations in Paragraph 53 are DENIED.

## PRAYER FOR RELIEF

The remaining paragraphs (1) through (14) constitute Plaintiffs' prayer for relief. Defendants DENY that Plaintiffs are entitled to the relief requested in these paragraphs or to any other relief. Defendants, therefore, DENY all allegations in these paragraphs. Defendants affirmatively aver that the claims for relief in paragraphs (1) – (9), (12), and (14) were dismissed by Order of March 31, 2008.

To the extent that any allegations contained in the Complaint in this action are not specifically admitted, they should be deemed DENIED.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim under the Privacy Act.
2. Plaintiffs cannot meet their burden of proof on the elements of their Privacy Act claim:
    a. Defendants did not intentionally or willfully violate the Privacy Act.
    b. Plaintiffs have not been adversely affected by any violation of the Privacy Act by Defendants.
    c. Defendants did not disclose any information of Plaintiffs protected by the Privacy Act.
3. This Court lack jurisdiction over Plaintiffs' claim to the extent they seek more than out-of-pocket expenses or the statutory minimum of $1,000.00 for any violation of the Privacy Act by Defendants.

    4.  This action cannot properly be certified as a class action for failure to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

    WHEREFORE Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated:  April 14, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
Civil Division

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director
Federal Programs Branch

OF COUNSEL:
AMY ALLEN RUGGERI
Assistant Chief Counsel for Litigation

JANESSA GRADY FLEMING
Senior Counsel

TRANSPORTATION SECURITY
ADMINISTRATION

  s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm 7214
Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, a true and correct copy of the foregoing Defendants' Answer was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

          s/ Jacqueline Coleman Snead
          JACQUELINE COLEMAN SNEAD