IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF<br>  GOVERNMENT EMPLOYEES, et. al<br><br>           Plaintiffs,<br><br>      v.<br><br>KIP HAWLEY, et. al,<br><br>           Defendants. | CASE: 1:07-cv-00855 (HHK) |

**MOTION FOR CERTIFICATION OF CLASS**

Plaintiffs move this Honorable Court pursuant to Federal Rules of Civil Procedure 23(c)(1) to certify that this case is maintainable as a class action. Plaintiffs seek certification of the following class: (a) all current TSA Security Screener Officers, specifically security screener officers, lead security screener officers, and supervisory security screener officers, whose private information including but not limited to name, social security number, date of birth, payroll information, financial allotments, and bank account and routing information, was disclosed when the TSA lost control of an external hard drive containing said information; and (b) all former TSA Security Screener Officers, specifically security screener officers, lead security screener officers, and supervisory security screener officers, whose private information including but not limited to name, social security number, date of birth, payroll information, financial allotments, and bank account and routing information, was disclosed when the TSA lost control of an external hard drive containing said information.

**POINTS AND AUTHORITIES**

Fed. R. Civ. P. 23.

Local Rule 23.1.

CLASS ALLEGATIONS[1]

The named plaintiffs in this case satisfy the requirements of Rule 23(a).  Accordingly, this Court should certify this case under Rule 23(b)(2).  Fed. R. Civ. P. 23(a) states that in order to maintain a class, (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

There is no magical number by which to determine whether there is sufficient numerosity.  In general, the larger the class, the more likely that joinder will be impossible. Council of and for the Blind of Deleware County Valley, Inc. v. Regan, 709 F.2d 1521,  1544 fn 48 (D.C. Cir 1983)("Although the absolute number of class members is not the sole determining factor, joinder will usually be impracticable when the class is large…").  Together, the class size is approximately 100,000, which is the number of individuals whose information Defendants admitted via media press release was collected and maintained in the missing system of records.

Further, in determining the practicability of joinder, courts have considered, in addition to size of the class, the geographical diversity of class members and the ability of individual

---

1 Consistent with Local Rules, the Complaint contained class allegations that identified the estimated number of

claimants to institute separate suits and the type of relief sought.  Id.  In the instant case, the named Plaintiffs live in four different states.  Additionally, as the TSA has security screeners in every state of the United States and all of the potential members of this class were or are TSA security screeners, it is likely the potential members of the class live in each state of the United States.  Thus, there is great geographical diversity among the class members.  Separate actions by individual plaintiffs will create the risk of inconsistent and varying results that may establish incompatible standards.

The "commonality" and "typicality" requirements "tend to merge." General Telephone Co. v. Falcon, 457 U.S. 147, 157 fn. 13 (1982).  Both factors exist to assist a court to determine whether the interests of the class members at large will be adequately protected if the class is maintained.  Id.  None-the-less, the two factors are distinct.  Commonality ensures that the practice challenged is wide-spread.  Id., see also Hartman v. Duffey, 19 F.3d 1459 (D.C. Cir. 1994)(we are no longer faced with the kind of across-the-board class that underlay the Supreme Court's decision in Falcon.)   In contrast, typicality ensures that the named class representatives have suffered harm in the same manner as absent members of the proposed class.  Wagner v. Taylor, 836 F.2d 578, 591 (D.C. Cir. 1987).

In the instant case, the action challenged is based on a wide-spread breach of privacy when an external hard drive containing personnel data (including name, social security number, date of birth, payroll information, financial allotments, and bank account and routing information) was discovered missing from a controlled area at the TSA Headquarters Office of Human Capital.  The claims of all class members depend on a showing of Defendant's failure to properly protect the personal information.  Thus, there are common questions of fact and law with respect to all

---

class members, the basis upon which the class agent is an appropriate representative of the class, and common

class members, including but not limited to (1) whether Defendants violated ATSA when it failed to maintain proper security procedures to protect personnel information; and (2) whether Defendants violated the Privacy Act by failing to properly maintain proper security procedures to protect personnel information.

Similarly, the claims of the individually named Plaintiffs are typical of the claims of the absent class members. Plaintiffs and all members of the class have been similarly affected by the Defendant's common course of conduct: they have all had their private information released without their permission. When the Defendant's failure to implement a security regime that properly protects against disclosure of private information is determined to be unlawful, Plaintiffs, individually and as a class, will have the same right to the relief sought herein.

As with the question of commonality, a finding of typicality is not undermined by the existence of slight factual variations between the claims of the named plaintiffs and those of individual class members. See <u>Wagner</u>, at 592; and <u>Council of and for the Blind</u>, at 1546-7. In the instant case, all named Plaintiffs and class members were subject to possible identity theft due to the release of private information. The slight factual variations of whether the individual members did or did not have their identities stolen do not undermine the existence of typicality of harm: all had their private information released, were subject to emotional harm as a result, and were subject to identity theft.

To determine whether a named representative in a class action is "a fair and adequate representative" within the meaning of Rule 23(a)(4), this Circuit evaluates two principal requirements: "1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representatives must appear able to

---

questions of law and fact. To assist the Court, these allegations are included herein.

vigorously prosecute the interests of class through qualified counsel." <u>National Association for Mental Health v. Califano</u>, 717 F.2d 1451, 1458 (D.C. Cir 1983)(citation omitted), <u>cert. denied</u>, 469 U.S. 817 (1984). There is no conflict as between Plaintiffs and the other members of the class with respect to this action or the claims for relief. Plaintiffs know and understand their asserted rights and their roles as class representatives. Additionally, Plaintiffs and their attorneys are able to and will fairly, and adequately, protect the interest of the class. Attorney Mark D. Roth is an experienced litigator and will be able to supervise other experienced staff in conducting the proposed litigation. Plaintiffs' attorneys can vigorously prosecute the rights of the proposed class members. Therefore, this Court should certify this case for class action.

## **THE CLASS ACTION IS MAINTAINABLE PURSUANT TO RULE 23(B)(2)**

The named plaintiffs in this case satisfy the requirements of Rule 23(b)(2). Accordingly, this Court should certify this case under Rule 23(b)(2). Fed. R. Civ. P. 23(b) states that in order to maintain a class,

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> ….(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole…

In the instant case, the class is maintainable as the class shares a general claim against the non-class party and, secondly, the class seeks declaratory relief.[2] Specifically, the class shares

---

[2] While the Plaintiffs believe that the class members would share in the injunctive relief originally prayed for, in an earlier ruling, the Court determined and held that the Privacy Act did not provide the type of injunctive relief sought by the Plaintiffs in the complaint. As these remedies were stricken by the Court, the Plaintiff is no longer arguing that the class is

{00250801.DOC}                                                    - 5 -

the general claim that the Defendant's conduct placed the Plaintiffs personal information in jeopardy when the Defendant failed to maintain proper security procedures to protect personnel information and, as a result, the hundreds of thousands of personnel information went missing.

Certification under Rule 23(b)(2) requires that the relief sought be primarily equitable in nature, although this does not preclude adding pleas for damages. The key to certification under this provision is the relative importance of equitable relief to the damages sought.  In other words, the damages sought must be incidental. <u>Jefferson v. Ingersoll International, Inc</u>., 195 F.3d 894, 896 (7th Cir. 1999)(use of Rule 23(b)(2) permissible only where predominant relief is an injunction or declaration, and damages are incidental to such equitable relief).  In the instant case, the relief sought is equitable in nature.  The class seeks declaratory relief:  that the Defendant violated the Privacy Act of 1974 when it failed to "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained"  and as a result, the Defendants further violated the Privacy Act of 1974 when on or about May 3, 2007, there was an unauthorized disclosure of private, personnel data.

---

maintainable on the basis of the availability of injunctive relief that will benefit the entire class.

**WHEREFORE,** Plaintiffs pray that this Honorable Court enter an Order:

(1) Certifying this case as a Class Action; and

(2) Granting such other relief as this Court finds necessary and proper.

                              Respectfully submitted,

                              _____/s/_____.
                              Mark D. Roth (D.C. Bar #235473)
                              General Counsel

                              _____/s/_____.
                              Gony F. Goldberg (D.C. Bar #457706)
                              Assistant General Counsel
                              Office of General Counsel
                              American Federation of Government Employees,
                              80 F Street, NW
                              Washington, D.C. 20001
                              (202) 639-6434

                              Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing PLAINTIFFS' MOTION FOR CLASS CERTIFICATION was served via ECF and via first class mail on the 30th day of June, 2008 upon the following:

       JEFFREY S. BUCHOLTZ, Acting Assistant Attorney General
       JEFFREY A. TAYLOR, United States Attorney
       ELIZABETH J. SHAPIRO, Assistant Branch Director
       Jacqueline Coleman Snead, Assistant Chief Counsel
       United States Department of Justice
       Senior Counsel Civil Division
       Federal Programs Branch
       20 Massachusetts Avenue, N.W., Rm 7214
       Washington, DC 20530

                              /s/ Gony Frieder Goldberg
                              Gony Frieder (D.C. Bar #457706)