**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH JONES, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CV00855-HHK |
| | ) | |
| KIP HAWLEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR**
**CERTIFICATION OF CLASS**

**INTRODUCTION**

Plaintiffs' Motion for Certification of Class is a half-hearted attempt to pigeonhole –

unsuccessfully – an action that is clearly inappropriate for class treatment into the requirements

of Rule 23 of the Federal Rules of Civil Procedure.  Although not apparent from Plaintiffs'

Motion, the only claim remaining in this action is under the Privacy Act, for which the sole

remedy is monetary damages.  This Court already has determined that a union cannot bring such

a claim on behalf of its members because the individual members must "participate in the lawsuit

to prove their individual damages." *American Fed'n of Gov't Employees v. Hawley*, 543 F.

Supp. 2d 44, 50 (D.D.C. 2008) (dismissing the union plaintiffs from this action).  For similar

reasons, the individual Plaintiffs here cannot maintain their action on behalf of a class.

The legal inquiries required for this Court to determine whether Plaintiffs are entitled to

recover under the Privacy Act are so individualized that there is a substantial risk that a class

action here would degenerate into numerous mini trials on the issues of (1) whether each class

member was adversely affected by Defendants' alleged violation of the Privacy Act; and (2)

whether, and in what amount, each class member suffered actual damages as a result.  Such

characteristics render this action wholly inappropriate for class certification.  Accordingly, the

Court should deny Plaintiffs' Motion.

## STATUTORY PROVISION

The Privacy Act of 1974 governs federal agencies' acquisition, maintenance, and control

of information about individuals maintained by an agency in a "system of records" that are

retrieved by the name or other identifying information of the individual.  5 U.S.C. §§ 552a(a) &

552(f).  The Act limits what information agencies may maintain about individuals, requires that

agencies establish appropriate safeguards to ensure the confidentiality of records, and limits

agencies' authority to disclose information about individuals.  *See* 5 U.S.C. §§ 552a(b), (e)(1),

(e)(10).  Except as otherwise permitted, a federal agency is prohibited by 5 U.S.C. § 552a(b)

from disclosing without consent "any record which is contained in a system of records" subject

to twelve enumerated exceptions.  Agencies are required to publish notices of the existence of

their systems of records maintained as well as their authorized uses.  *See* 5 U.S.C. § 552a(e).

The Privacy Act expressly grants federal courts jurisdiction to hear claims brought by an

individual whenever (1) an agency refuses to amend an individual's record in accordance with

his request, 5 U.S.C. § 552a(g)(1)(A); (2) an agency refuses an individual access to a record

concerning him, 5 U.S.C. § 552a(g)(1)(B); (3) an agency fails to maintain a record with the

requisite accuracy and completeness, 5 U.S.C. § 552a(g)(1)(C); or (4) an agency fails to comply

with any other provision of the Act "in such a way as to have an adverse effect on an individual,"

5 U.S.C. § 552a(g)(1)(D).  Plaintiffs claims arise under subparagraph (D).  Specifically, they

allege that Defendants violated 5 U.S.C. § 552a(e)(10), which requires that

> Each agency that maintains a system of records shall . . . establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained.

5 U.S.C. § 552a(e)(10).

In actions under subparagraph (D), the agency is only liable for damages if it "acted in a manner which was intentional and willful," 5 U.S.C. § 552a(g)(4), and only to the extent of the "actual damages sustained by the individual as a result of the [violation]" and the costs of the action including reasonable attorney's fees, 5 U.S.C. § 552a(g)(4)(A), (B).  An individual entitled to recovery is statutorily guaranteed a minimum of $1000.  5 U.S.C. § 552a(g)(4)(A).

## ARGUMENT

Plaintiffs' Motion for Certification of Class falls woefully short of satisfying the requirements for class certification.  *See* Motion for Certification of Class ("Pls. Mot.") (filed June 30, 2008) [Dkt. No. 15].  A party moving for class certification "bear[s] the burden of establishing that the requirements for class certification, as set forth in Rule 23 of the Federal Rules of Civil Procedure, have been satisfied." *Does I Through III v. District of Columbia*, 216 F.R.D. 5, 8 (D.D.C. 2003).  "Plaintiffs must therefore show that they satisfy *all four* prerequisites of [Rule ]23(a) and that the class falls within at least one of the three categories set forth in Rule 23(b)." *Id.* (emphasis added).  Rule 23(a) requires that Plaintiffs demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately

3

protect the interests of the class." Fed. R. Civ. P. 23(a). The Rule 23(b) category that Plaintiffs

here invoke requires that they additionally demonstrate that "[Defendants have] acted or refused

to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"Strict adherence to th[e] prerequisites [of Rule 23] is necessary to avoid unfairness to the

defendant and to protect the interests of potential class members who may assert timely,

representative claims in the future." *Sperling v. Donovan*, 104 F.R.D. 4, 9 (D.D.C. 1984). Thus,

since Plaintiffs clearly have not demonstrated that their claims are typical of the class or that they

satisfy the requirements of Rule 23(b)(2), this Court need not consider the remaining elements[1]

and should deny Plaintiffs' Motion for Certification of Class.

---

[1] If the Court nevertheless decides to reach the other elements, Defendants acknowledge that the numerosity and commonality requirements, which are not rigorous, are satisfied here. The adequacy requirement is a much closer question. That element requires the Court to determine that "(1) the proposed representative does not have any conflicts of interest with other class members; and (2) that the representative will vigorously prosecute the interests of the class through qualified counsel." *Taylor v. District of Columbia Water & Sewer Auth.*, 241 F.R.D. 33, 45 (D.D.C. 2007). Plaintiffs' failure to produce their initial disclosures on the date agreed upon by the parties and failure to respond to discovery within the period prescribed by Rules 33 and 34 of the Federal Rules of Civil Procedure belie Plaintiffs' claim that the adequacy requirement is met here. *See* Pls. Mot. at 5. Since this Court's denial of the instant motion need not turn on that element, Defendants will not belabor this discussion of Plaintiffs' repeated failures to meet discovery deadlines.

I.     **PLAINTIFFS' PRIVACY ACT CLAIMS CANNOT SATISFY THE TYPICALITY REQUIREMENT AND THEREFORE, AS A MATTER OF LAW, THIS ACTION CANNOT BE CERTIFIED UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Apparently misapprehending the rigors of this element, Plaintiffs purport to dispense with the typicality requirement of Rule 23(a) with the conclusory statement: "all [class members] had their private information released, were subject to emotional harm as a result, and were subject to identity theft." Pls. Mot. at 4. To satisfy the typicality requirement, however, a class representative "must be part of the class and possess the same interest and *suffer the same injury* as the class members." *General Tel. Co. of SW v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations omitted; emphasis added). Courts have been reluctant to find emotional injuries such as those claimed here "typical." *Sanna v. Delta Airlines*, 132 F.R.D. 47, 50 (N.D. Ohio 1990). Emotional injury claims are "intractably individual in character." *Commonwealth of Puerto Rico v. Emily S*, 158 F.R.D. 9, 14 (D.P.R. 1994). Thus, "[n]o such claim can truly be 'typical.'" *Id.*

Plaintiffs' conclusory assertion of typicality is further undermined by the proof requirements for a Privacy Act claim. Indeed, courts have observed that Privacy Act plaintiffs "face[] grave typicality problems for two reasons." *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). "First, an adverse effect is a core liability requirement for a Privacy Act suit. The Act allows a suit against an agency when [it] fails to comply with any . . . provision of this section . . . in such a way as to have an adverse effect on an individual." *Id.* (internal quotations omitted). Second, "the Act requires proof of actual damages to obtain a damage award." *Id.* Thus, "[a]ssuming that the claims of unnamed class members include a number of claims for which there is some evidence of adverse effect and actual damages, the putative class

representatives [ could] not [have] suffered 'injur[ies] similar to the injuries suffered by other

class members." *Id.* (upholding district court's denial of class certification in Privacy Act case);

*see also Rice v. United States*, 245 F.R.D. 3, 8 (D.D.C. 2007) (decertifying class in Privacy Act

action because "[t]he class representatives have not suffered injuries similar to the injuries

suffered by other class members" (internal quotations omitted)).[2]

Here that conclusion necessarily follows from the types of injuries Plaintiffs allegedly

suffered as a result of Defendants' discovery that a hard drive containing personnel data was

missing from a controlled area at the Transportation Security Administration's Headquarters.

*See, e.g.,* Class Action Complaint ("Compl.") ¶ 41 (alleging that Plaintiffs "experienced adverse

effects [therefrom] . . . including but not limited to, embarrassment, inconvenience, mental

distress, concern for identity theft, concern for damage to credit report, concern for damage to

financial suitability requirements in employment, and future substantial harm"); Compl. ¶ 42

(alleging Plaintiffs "experienced adverse effects . . . including but not limited to, mental distress

due to the possibility of security breach at airports"); Compl. ¶ 43 (alleging tangible and

intangible damages from "tak[ing] affirmative steps to recover peace of mind, emotional

stability, and personal security, including but not limited to, frequently obtaining and reviewing

credit reports, bank statements, and other similar information"). Such allegations, as well as the

purported "demonstration" in Plaintiffs' Motion, (Pls. Mot. at 4), preclude a finding that

Plaintiffs' claims are typical of the class. Since a necessary element of Rule 23 thus stands

---

[2] This Court implicitly has so found here in dismissing the union plaintiffs for lack of associational standing. *See AFGE v. Hawley*, 543 F. Supp. 2d at 50 (concluding that "because the sole remedy for plaintiffs' Privacy Act claim is actual damages, the union plaintiffs' individual members would be required to participate in the lawsuit to prove their individual damages").

unmet, this Court should deny the instant motion.

## II.    THE NATURE OF THE DAMAGES PLAINTIFFS SEEK MAKES THIS ACTION INELIGIBLE FOR CLASS CERTIFICATION UNDER RULE 23(B)(2).

Even more unconvincing than Plaintiffs' claim of typicality is their claim that this action satisfies Rule 23(b)(2). *See* Pl. Mot. at 5 (erroneously contending that "the class is maintainable as the class shares a general claim against the non-class party and, secondly, the class seeks declaratory relief"). Rule 23(b)(2) "permits certification of a class where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Taylor*, 241 F.R.D. at 46. "There are two basic factors that must be present in order to certify a class under Rule 23(b)(2): (1) the defendant's action or refusal to act must be generally applicable to the class; and (2) plaintiffs must seek final injunctive relief or corresponding declaratory relief on behalf of the class." *Id.* at 47. Factor (2) necessarily precludes certification under Rule 23(b)(2) when only monetary relief is sought or available. *See id.* (noting that "[c]ertification under Rule 23(b)(2) . . . is not permitted if [] monetary claims predominate"); *see also Schmidt v. United States Dep't of Veterans Affairs*, 218 F.R.D. 619, 637 (E.D. Wis. 2003) (concluding that "Rule 23(b)(2) 'does not extend to cases in which the appropriate final relief is related to exclusively or predominately to money damages'"). That fact is fatal to Plaintiffs' request for certification under Rule 23(b)(2).

As this Court already found, Plaintiffs' claims are brought under Section 552a(g)(1)(D) of the Privacy Act, and "only monetary damages, not declaratory or injunctive relief, are available to § 552a(g)(1)(D) plaintiffs." *AFGE v. Hawley*, 543 F. Supp. 2d at 54 (quoting *Sussman v.*

*United States Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007) (citing *Doe v. Stephens*, 851

F.2d 1457, 1463 (D.C. Cir. 1988))).  Notwithstanding Plaintiffs' baseless recharacterization of

their requested relief as "equitable in nature," (Pls. Mot. at 6), "the only relief available in this

action is monetary."  *Schmidt*, 218 F.R.D. at 637; *see also AFGE v. Hawley*, 543 F. Supp. 2d at

54 (dismissing Plaintiffs' demands for "injunctive and declaratory relief").  Accordingly, as a

matter of law, this action cannot be certified as a class under Rule 23(b)(2).  *See Schmidt*, 218

F.R.D. at 637 (holding that where "the only relief available in th[e Privacy Act] action is

monetary . . . it [is] inappropriate to certify the plaintiffs' class under Rule 23(b)(2)").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

Motion for Certification of Class.

Dated: July 30, 2008                                 Respectfully submitted,

                                                    GREGORY K. KATSAS
                                                    Assistant Attorney General
                                                    Civil Division

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    ELIZABETH J. SHAPIRO
                                                    Assistant Branch Director
                                                    Federal Programs Branch

OF COUNSEL:                                           s/ Jacqueline Coleman Snead
AMY ALLEN RUGGERI                                   JACQUELINE COLEMAN SNEAD
Assistant Chief Counsel for Litigation             (D.C. Bar No. 459548)
                                                   Trial Attorney
JANESSA GRADY FLEMING                              United States Department of Justice
Senior Counsel                                     Civil Division, Federal Programs Branch
                                                   20 Massachusetts Avenue, N.W., Rm 7214
TRANSPORTATION SECURITY                            Washington, DC 20530

ADMINISTRATION

Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for Defendants**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH JONES, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:07CV00855-HHK |
| v. | ) | |
| | ) | |
| KIP HAWLEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Certification of Class, the Opposition

thereto, and the complete record in this case, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2008, a true and correct copy of the foregoing

Defendants' Opposition to Plaintiffs' Motion for Certification of Class was electronically filed

through the U.S. District Court for the District of Columbia Electronic Document Filing System

(ECF) and that the document is available for viewing on that system.


                                            <u>s/ Jacqueline Coleman Snead</u>
                                            JACQUELINE COLEMAN SNEAD