UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JONES** *et al.,*<br><br>      **Plaintiffs,**<br><br>      v.<br><br>**KIP HAWLEY** *et al.*,<br><br>      **Defendants.** | **Civil Action No. 07-855 (HHK/JMF)** |

**MEMORANDUM OPINION**

This case is before me for resolution of Defendants' Motion for Preclusion of Evidence Not Disclosed During Discovery ("Defs. Mot.") [#19]. For the reasons stated herein, defendants' motion will be granted.

**INTRODUCTION**

Plaintiffs are four individual transportation security officers who work for the Transportation Security Administration ("TSA"). Class Action Complaint at 4-5. Plaintiffs claim that Kip Hawley, Administrator of the TSA, and others failed to safeguard their personnel records, in violation of the Aviation and Transportation Security Act and the Privacy Act of 1974. Id. at 2. Specifically, plaintiffs claim that the TSA lost a hard drive that contained information such as their names, social security numbers, dates of birth, payroll information, financial allotments, and bank account and routing information. Id. at 7.

**DISCUSSION**

Plaintiffs do not deny that, as defendants charge, they:

1. Failed to preserve and produce documents relevant to their claim, although they admitted that they had such documents in their possession.

2. Indicated that they had no responsive documents in their response to the defendants' Request to Produce Documents, although their other responses to discovery indicated that they did.

3. Never searched for documents that the defendants demanded, except for one plaintiff, who limited his search to what he described as information that was "reasonably accessible." Defs. Mot. at 5-6 (quoting deposition of plaintiff Soulia at 105).

4. Indicated that they would supplement their responses to the interrogatories but never did.

Plaintiffs resist the imposition of any sanctions for these derelictions on the grounds that, while they concede that they did not maintain and produce documents that would corroborate their claim of being damaged, defendants have no suffered any harm because "the Defendants are not hampered in any way from presenting their case by the lack of these barely relevant documents." Plaintiff's Opposition to Defendants' Motion for Preclusion of Evidence Not Disclosed During Discovery at 6.

That argument misapprehends that a fundamental purpose of discovery is to secure information that will impeach or contradict an opponent's case. Plaintiffs cannot be seriously arguing that such information does not meet the discovery standard of Rule 26(b)(1) of the Federal Rules of Civil Procedure of being relevant or likely to lead to relevant evidence. It certainly does. See Kerr v. United States District Court, 511 F.2d 192, 196-97 (9th Cir. 1975) ("In addition to discovering information pertaining to a

party's case in chief, it is entirely proper to obtain information for other purposes such as cross-examination of adverse witnesses."). Since the plaintiffs have lost information that they were unquestionably required to preserve and produce, the question becomes what remedy is appropriate for the Court to impose.

The Federal Rules of Civil Procedure do not contain a provision specifying a remedy for the failure to preserve evidence but, as I noted in a previous opinion, "[i]t is settled beyond all question that at common law the destruction, alteration, or failure to preserve evidence in pending or reasonably foreseeable litigation warrants the finder of fact inferring that the destroyed evidence would have been favorable to the opposing party." Ashford v. E. Coast Express Eviction, No. 06-CV-1561, 2008 WL 4517177, at *2 (D.D.C. Oct. 8, 2008) (citing United Med. Supply Co., Inc. v. United States, 77 Fed. Cl. 257, 263 (2007)). See also Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1481 (D. C. Cir. 1995) (holding that each party has "'an obligation to preserve and also not to alter documents it knew or reasonably should have known were relevant . . . if it knew the destruction or alteration of those documents would prejudice [its opponent].'") (internal quotations omitted). "[A] court may employ an adverse inference due to a party's 'failure to preserve evidence,' even if deliberate or reckless conduct is not present." More v. Snow, 480 F. Supp. 2d 257, 275 (D.D.C. 2007) (citations omitted); Miller v. Holzmann, No. 95-CV-1231, 2007 WL 172327, at *3 (D.D.C. Jan. 17, 2007) ("It is the law of this Circuit that a party has an obligation to preserve evidence it knew or reasonably should have known was relevant to the litigation and the destruction of which would prejudice the other party to that litigation."). Before allowing an adverse inference however, "the court should consider the 'degree of negligence or bad faith involved, the importance of

3

the evidence involved, the importance of the evidence lost to the issues at hand, and the availability of other proof enabling the party deprived of the evidence to make the same point.'" Id.

Moreover, the efficacy of the drawing of such an inference in this case has to be a function of its present status.  The defendants have moved for summary judgment arguing, inter alia, that the statute under which plaintiffs proceed, the Privacy Act, 5 U.S.C. § 522 (a)(g)(1)(D),[1] requires that they establish that the defendants' failure to comply with the Act caused an adverse effect, but only to the extent of the actual damage they sustained. Defendants' Motion for Summary Judgment at 24.  Defendants then argue that the granting of the motion that is the subject of this Opinion should lead to the preclusion of plaintiffs' presenting any evidence of damages and without any proof of damages, defendants' motion must be granted. Id. at 25-26.  Defendants also argue that plaintiffs' claims are conclusory. Id. at 27-28.

Plaintiffs oppose the relief sought by the defendants in the motion before me by asserting that "they incurred 'actual damages' although not financial loss." Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Plains. Opp. SJ") at 11. They claim to have experienced concern and worry about their potential liability for fraudulent debts due to the disclosure of the information on the hard drive and about any future financial harm they may incur. Id.

In reply, citing inter alia, Rice v. United States, 245 F.R.D. 3, 6-7 (D.D.C. 2007), defendants argue that the plaintiffs' concerns about what may happen to them are

---

[1] All references to the United States Code are to the version that appears in Westlaw or Lexis.

insufficient as a matter of law to satisfy the requirement of showing actual damage under the Privacy Act. Reply in Support of Defendants' Motion for Summary Judgment at 12.

Given the briefing relating to defendants' motion for summary judgment, the government's request for sanctions may be unnecessary. If Judge Kennedy construes the evidence in the light most favorable to the plaintiffs, who are opposing the motion for summary judgment, but still finds their allegations of harm insufficient on their face to establish actual damages, the case will be dismissed whether or not plaintiffs are sanctioned. There is, however, one aspect of this matter that, in my view, requires the imposition of sanctions.

In support of their contention that plaintiffs experienced "aggravation, worry or concern" because of the loss of the hard drive, plaintiffs reference "Attachment 1 and 2." Plains. Opp. SJ at 11. Attachment 1 contains the interrogatory responses of plaintiffs Nagel, Soulia and Thomas while Attachment 2 is the interrogatory response of Jones. Those responses contain allegations of more specific harm than the general concern to which plaintiffs refer in their opposition to the motion for summary judgment. The following chart indicates the specific harm of which each plaintiff complains as well as the plaintiffs' admissions that while they once had the relevant documents, they no longer do and therefore never produced them during discovery:

| Plaintiff | Allegations of Specific Harm | Admission |
| --- | --- | --- |
| Thomas | Because he was president of American Federation of Government Employees local, fellow members called him with questions about the consequence of the loss of the hard drive. He had | Admitted that he once had documents, including e-mails, related to securing bank and credit accounts. Reply in Support of Defendants' Motion for Preclusion of Evidence Not Disclosed During |

5

|        | to tell his wife that she could not use their debit card for a few days. | Discovery ("Defs. Reply") at 6 (citing Thomas Deposition at 240). |
|--------|--------------------------------------------------------------------------|---------------------------------------------------------------------|
| Nagel  | She was forced to quit her job because she felt that the TSA broke its faith with her. Her account was frozen at the credit union causing the teller to say that she was trying to access her account illegally. Although the teller over-rode the freeze, she was embarrassed by the reaction of other persons and inconvenienced because accessing her account took more time than normal. | Admitted that she once had documents pertaining to her efforts to secure other employment. Defs. Reply at 6 (quoting Nagel Deposition at 87). |
| Soulia | Application for car loan almost did not go through and she was required to spend more time processing the loan than normal. To get the apartment in San Diego she wanted, she had to cancel the identity theft protection and all the alerts on her bank account and credit cards. | Admitted that she once had a loan pre-approval letter, an e-mail request to a car dealer, and voicemail messages relating to securing a car loan on which her damages claim for personal time is based. Defs. Reply at 6 (citing Soulia Deposition at 121). |

Plaintiffs' failing to preserve these documents has deprived the defendants of fundamental information that could have been used to investigate the bona fides of plaintiffs' claims. Their negligence is inexcusable. The documents go to the very heart of their claims for damages, and there is no substitute for them which the defendants could use or find. I therefore conclude that defendants are entitled to the adverse inference they seek and I therefore will order that, as to the allegations made in what plaintiffs call Attachments 1 and 2, i.e., their interrogatory responses, the inference will be drawn that, had the plaintiffs kept and produced the documents at issue, their contents would be adverse to their allegations.

Finally, I note that, as I emphasized above, whether sanctions should be imposed is a function of the status of the case. I believe that the government should be able to renew its motion that all evidence of actual damages be precluded at trial, if plaintiffs' case should survive summary judgment.

An Order accompanies this Memorandum Opinion.

                                           /S/  
                                      JOHN M. FACCIOLA  
                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 12, 2009