**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **JOSEPH JONES, et al.,**<br><br>          **Plaintiffs,**<br><br>     **v.**<br><br>**GALE ROSSIDES, Acting Administrator**<br>**of the Transportation Security**<br>**Administration, et al.,**<br><br>          **Defendants.** |

          **Civil Action 07-00855  (HHK) (JMF)**

**MEMORANDUM OPINION AND ORDER**

Four security officers employed by the Transportation Security Administration ("TSA")

and the unions to which they belong bring this action against Gale Rossides in her official

capacity as Acting Administrator of the TSA and Janet Napolitano in her official capacity as

Secretary of the Department of Homeland Security ("DHS").  Plaintiffs allege that personal and

financial information of TSA security officers were compromised when a computer hard drive

storing this information went missing from TSA headquarters.  They further allege that

Defendants violated the Privacy Act of 1974, 5 U.S.C. § 552a *et seq*. ("Privacy Act"), by failing

to employ proper "safeguards to insure the security and confidentiality of records and to protect

against any anticipated threats or hazards to their security or integrity which could result in

substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom

information is maintained."  *Id*. at § 552a(e)(10).

Before the court is Plaintiffs' motion for class certification [#15].  Upon consideration of

the motion, the opposition thereto, and the record of this case, the court concludes that the

motion must be denied.

**I.**

The essential facts of this case are set forth in this court's prior memorandum opinion

which set forth the court's reasons for granting in part and denying in part Defendants' motion to

dismiss:

> On May 3, 2007, TSA discovered that a hard drive was missing from a controlled
> area at the TSA Headquarters Office of Human Capital.  The hard drive contained
> personnel data for approximately 100,000 individuals employed by TSA between
> January 2002 and August 2005, including names, social security numbers, birth
> dates, payroll information, financial allotments, and bank account and routing
> information.  On May 4, 2007, [then] Administrator Kip Hawley issued a broadcast
> email to all TSA employees providing notice of the incident and stating that TSA
> would provide employees with free credit monitoring for one year free of charge.
>
> ***
>
> On May 8, 2007, four TSA security officers . . . and their unions . . . filed this class
> action complaint, alleging that defendants violated [the Aviation and Transportation
> Act, 49 U.S.C. §§ 44901 and 44935 ("ATSA")] and the Privacy Act by failing to
> ensure the security of the missing hard drive.

*Am. Fed'n of Gov't Employees v. Hawley*, 543 F. Supp. 2d 44, 45-46 (D.D.C. 2008) (internal

citations omitted) ("*Jones I*").  The court dismissed Plaintiffs' ATSA claims, *id*. at 46-48, as well

as their claims for injunctive and declaratory relief under the Privacy Act, *id*. at 53-54, but denied

the motion to dismiss insofar as it sought a dismissal of the claims for damages under the Privacy

Act, *id*. at 51-54.  Also, because the unions lacked standing to maintain Privacy Act claims, *id*. at

49-50, the unions were dismissed as plaintiffs in this case, (Am. Order Granting in Part and

Denying in Part Defs.' Mot. Dismiss (Aug. 22, 2008)).

The remaining plaintiffs now move to certify a class of "all current and former TSA

Security Screener Officers, specifically security screener officers, lead security screener officers,

and supervisory security screener officers, whose private information . . . was disclosed when the

TSA lost control of an external hard drive containing said information." (Compl. at 6-7.)  They

seek declaratory relief, injunctive relief, and $1000 per class member—the statutory minimum in

damages.  5 U.S.C. § 552a(g)(4)(A).  The proposed class includes approximately 100,000 current

and former security officers.

## II.

To certify a class, the court must find that the proposed class satisfies the four

prerequisites to class certification set forth in Fed. R. Civ. P. 23(a) and that it falls within one of

the categories set forth in Fed. R. Civ. P. 23(b).  *See Richards v. Delta Air Lines, Inc.*, 453 F.3d

525, 529 (D.C. Cir. 2006).  Plaintiffs, as the party moving for class certification, bear the burden

of establishing that all requirements for proceeding as a class have been satisfied.  *See Amchem*

*Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  Plaintiffs contend that their proposed class

satisfies the requirements of Rule 23(a) and falls within Rule 23(b)(2).  Rule 23 provides, in

relevant part:

> (a) Prerequisites.  One or more members of a class may sue or be sued as
> representative parties on behalf of all members only if:
>
>> (1) the class is so numerous that joinder of all members is
>> impracticable;
>> (2) there are questions of law or fact common to the class;
>> (3) the claims or defenses of the representative parties are typical of
>> the claims or defenses of the class; and
>> (4) the representative parties will fairly and adequately protect the
>> interests of the class.
>
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is
> satisfied and if:
>
>> ***
>>
>> (2) the party opposing the class has acted or refused to act on grounds
>> that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as
a whole; . . .

***

Fed. R. Civ. P. 23.

Class certification is a preliminary question that is distinct from the merits of the case.

*See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974).  In deciding whether to certify a

class action, the question before the court is not whether the "plaintiffs have stated a cause of

action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  *Id.*

(internal quotations omitted).  The court may, however, consider matters beyond the pleadings to

ascertain whether the claims or defenses are susceptible to resolution on a class-wide basis.

*McCarthy v. Kleindienst*, 741 F.2d 1406, 1413 n.8 (D.C. Cir. 1984).  The court has broad

discretion in deciding whether plaintiffs have met their burden of showing that the requirements

for class certification are met.  *Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994).

Defendants contend that Plaintiffs cannot satisfy Rule 23 because they cannot meet the

"typicality requirement" set forth in Rule 23(a)(3) and because their proposed class does not fall

within Rule 23(b)(2).[1]  Unsurprisingly, Plaintiffs disagree and assert that they meet each

requirement of Rule 23. Although the court's evaluation of this motion indicates that Plaintiffs

probably have satisfied all of the Rule 23(a) prerequisites, the court need not address the parties'

arguments with respect to Rule 23(a) because Plaintiffs clearly cannot satisfy Rule 23(b).

This court may certify a class under Rule 23(b)(2) only if (1) defendants' action or refusal

to act is generally applicable to the class; and (2) plaintiffs seek final injunctive relief or

---

[1] Defendants do not contest whether Plaintiffs have satisfied the other three prerequisites:
numerosity, commonality, and adequacy of representation.  Fed. R. Civ. P. 23(a).

corresponding declaratory relief on behalf of the class.  *See Taylor v. D.C. Water & Sewer Auth.*,
241 F.R.D. 33, 47 (D.D.C. 2007).  Certification may be improper when a class seeks monetary
damages in addition to equitable relief, and certification is prohibited if monetary claims
predominate.  *Id.*  (citing *Taylor v. D.C. Water & Sewer Auth.*, 205 F.R.D. 43, 47 (D.D.C. 2002)).

    Defendants contend that Plaintiffs cannot meet Rule 23(b)(2) because, even if they
prevail, this court only may award money damages; equitable relief is unavailable.  Specifically,
Defendants point out that this court already dismissed the Plaintiffs' claims for injunctive and
declaratory relief holding that "'only monetary damages, not declaratory or injunctive relief are
available to [these Privacy Act] plaintiffs.'"  *See Jones I*, 543 F. Supp. 2d at 54 (quoting
*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007)).  Notwithstanding their
acknowledgment of the court's prior memorandum opinion, *see id.*, Plaintiffs maintain that class
certification is proper under Rule 23(b)(2) because they seek declaratory relief; namely a
declaration that Defendants violated the Privacy Act.

    The court agrees with Defendants that its prior ruling is dispositive here.  *See id*.
Plaintiffs' claims for injunctive and declaratory relief have been dismissed.  *Id.*
Accordingly, they are no longer able to seek injunctive or declaratory relief on behalf of the class.
*See Taylor*, 241 F.R.D. at 47.  Nor obviously can it be said that monetary claims do not
predominate considering that, even if successful, Plaintiffs are entitled to nothing more than
monetary relief.  *Id.* (citing *Taylor*, 205 F.R.D. at 47).  Even if declaratory relief were available,
the equitable relief plaintiffs seek—a declaration that the Privacy Act was violated—is nothing
more than an attempt to clothe a monetary damages claim in the garb of equitable relief.  *See*
*Richards*, 453 F.3d at 530-32 & n.8 (denying certification under 23(b)(2) because request for

5

injunctive relief was simply an indirect request for money damages where the plaintiff sought an injunction ordering payment of money damages).  *But see Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 199 (D.D.C. 2000) (holding that monetary relief did not predominate where plaintiffs asked the court to declare a plan amendment suspending layoff pensions benefits to be invalid because the court found that the claim for benefits was equitable in nature considering that it sought restitution, rather than damages).  This case is not like *Coleman*; the only relief that Plaintiffs are able to seek is money damages, not restitution, which, as *Coleman* points out, is relief that is equitable.  Accordingly, Plaintiffs' motion for class certification must be denied.

### III.  CONCLUSION

For the foregoing reasons, it is this 30th day of March 2009, hereby

**ORDERED** that Plaintiffs' motion for class certification [#15] is **DENIED**.


Henry H. Kennedy, Jr.
United States District Judge