UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JONES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GALE D. ROSSIDES, Acting<br>Administrator of the Transportation<br>Security Administration, et al.,<br><br>    Defendants. | Civil Action 07-00855  (HHK) (JMF) |

**MEMORANDUM OPINION**

Plaintiffs, four transportation security officers employed by the Transportation Security Administration ("TSA"), bring this action against defendants TSA, Gale D. Rossides in her capacity as Acting Administrator of the TSA, the Department of Homeland Security ("DHS"), and Janet Napolitano in her capacity as Secretary of the DHS.  On March 31, 2008, the Court granted in part and denied in part defendants' motion to dismiss.  Plaintiffs' surviving claim is that defendants violated the Privacy Act, 5 U.S.C. § 552a, by failing to establish appropriate safeguards to insure the security and confidentiality of personnel records.

Before the Court is defendants' motion for summary judgment [#26].  Upon consideration of the motion, the opposition thereto, and the entire record of this case, the Court concludes that the motion should be granted.

# I. BACKGROUND

On May 3, 2007, TSA discovered that a hard drive was "missing from a controlled area at the TSA Headquarters Office of Human Capital." Compl. ¶¶ 28–29. The hard drive contained personnel data for approximately 100,000 individuals employed by TSA between January 2002 and August 2005, including names, social security numbers, birth dates, payroll information, financial allotments, and bank account and routing information. Compl. ¶¶ 28, 29, 31. The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the collection, maintenance, use, and dissemination of an individual's personal information by federal government agencies. *See* 5 U.S.C. § 552a. Plaintiffs claim that defendants violated § 552a(e)(10), which requires that

> Each agency that maintains a system of records shall . . . establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained . . .

§ 552a(e)(10). *See* Compl. ¶ 48). Plaintiffs also claim defendants "further violated the Privacy Act of 1974 when on or about May 3, 2007, there was an unauthorized disclosure of private, personnel data." *See* Compl. ¶ 49. Plaintiffs bring their claim under 5 U.S.C. § 552a(g)(1)(D), which provides that whenever an agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction. . . ." § 552a(g)(1)(D). Section 552a(g)(4) governs relief for claims under (g)(1)(D):

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was

>intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of–
>
>>(A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
>>(B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4).

## II.  ANALYSIS

Defendants argue that they are entitled to summary judgment because: (1) TSA had reasonable safeguards in effect at the time the hard drive was lost; (2) plaintiffs have no evidence of an intentional and willful violation of the Privacy Act; (3) plaintiffs cannot meet their burden of proof on either the adverse effects or actual damages elements necessary to prove their Privacy Act claim.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In considering whether there is a triable issue of fact, a court must draw all reasonable inferences in favor of the non-moving party.  *Id.* at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *id*. at 248, that would permit a reasonable jury to find in his favor, *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir.1987).  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts."

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (*quoting Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982)).

In determining a motion for summary judgment, Local Civil Rule 7(h) provides that "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such fact is controverted in a statement of genuine issues filed in opposition to the motion."  Because plaintiffs have provided no countervailing statement of genuine issues of material fact, Defendants' Statement of Material Facts As To Which There Is No Genuine Issue [#26-2] is deemed admitted in its entirety.  The undisputed facts show, *inter alia*,

> (1) TSA had "a comprehensive security system consisting of layers of administrative, technical, and physical protections for personally identifiable information ('PII')" including Plaintiffs' PII; (Defs.' Statement of Material Facts ¶¶ 2, 39);
>
> (2) defendants "did not disclose Plaintiffs' personal information to any unauthorized persons;" (Defs.' Statement of Material Facts ¶ 37);
>
> (3) "[t]he missing hard drive was not the result of any intentional or willful conduct on the part of Defendants;" (Defs.' Statement of Material Facts ¶¶ 36, 38); and
>
> (4) "Plaintiffs have no evidence that they suffered actual damages as a result of the missing hard drive." (Defs.' Statement of Material Facts ¶¶ 34).

Based on the undisputed facts, the Court concludes that defendants did not violate the Privacy Act and are entitled to summary judgment.

Even if the Court did not deem defendants' statement of facts admitted, summary judgment would be appropriate because plaintiffs do not submit any evidence that would permit a reasonable juror to find in their favor. In particular, plaintiffs do not have any evidence to support their claim for actual damages.[1] In response to defendants' motion, plaintiffs submit only their responses to defendants' interrogatories that describe concern, worry, feelings of being "let down and disillusioned," inconvenience, and embarrassment. Pls.' Opp. to Mot. Summ. J., Exh. 1 ("Pls.' Resp. to Defs.' Interrogs., Interrog. 4). Additionally, in response to an interrogatory asking plaintiffs to "[i]dentify, describe, and set forth all tangible and intangible damages that you claim you have and will continue to suffer as a result of any alleged conduct or violations of the Privacy Act by Defendants," plaintiff Thomas stated he lost at least 8 hours in personal time, as well as the concern and worry he described in response to Interrogatory 4. Pls.' Opp. to Mot. Summ. J., Exh. 1 ("Pls.' Resp. to Defs.' Interrogs., Interrog. 7). Plaintiff Soulia stated that he also lost 8 hours of personal time. *Id*. Plaintiff Jones's response claims to have lost six hours over the course of three days.[2]

"To defeat a motion for summary judgment, a plaintiff must offer evidence sufficient for a jury to find that the emotional harm he claims to have suffered was acute, tangible, and severe enough to give rise to actual damages." *Mulhern v. Gates*, 525 F. Supp. 2d 174, 186–87 (D.D.C. 2007) (*citing Doe v. Chao*, 306 F.3d 170, 180-82 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004)).

---

[1] Defendants also argue that plaintiffs proffer no evidence that TSA's actions were "intentional or willful," but the court need not address that issue.

[2] No response for Plaintiff Nagel is provided, even though plaintiffs' first response to defendants' interrogatories stated that his response would be supplemented at a later time. *Id.*

Assuming arguendo that non-pecuniary harm can rise to the level of actual damages,[3] plaintiffs' conclusory assertions of harm, unsupported by any evidence, are insufficient to survive summary judgment. *See, e.g., Mulhern*, 525 F. Supp. 2d at 186-87 (granting summary judgment for defendants where plaintiff's evidence in support of his claim for actual damages was "limited to a few conclusory sentences in his personal declaration, in which he states that the disclosure 'caused [him] great distress and embarrassment.'"); *Rice v. United States*, 245 F.R.D. 3, 6-7 (D.D.C. 2007) (granting summary judgment for defendants where Privacy Act plaintiffs offered no evidence to support their cursory declarations that they suffered "anger, dismay, anxiety and fear.").

In fact, plaintiffs had no evidence to submit because — as they have conceded — they failed to maintain and produce documents that would have corroborated their claim for damages. As a result, United States Magistrate Judge John M. Facciola granted "Defendants' Motion for Preclusion of Evidence Not Disclosed During Discovery" [#19], holding that "defendants are entitled to the adverse inference as to the allegations made in what plaintiffs call Attachments 1 and 2, i.e. their interrogatory responses, the inference will be drawn that, had the plaintiffs kept and produced the documents at issue, their contents would be adverse to their allegations." Accordingly, summary judgment for defendants is appropriate.

---

[3]. The question of whether "non-economic injuries or damages other than out-of-pocket expenses could qualify as 'actual damages' under Section 552a(g)(4))" is undecided in this circuit. *Albright v. United States*, 732 F.2d 181, 186 (D.C. Cir. 1984).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [#26] is granted.

An appropriate order accompanies this opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: September 28, 2009